UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Clifford C. Curran,<br><br>    Plaintiff<br><br>v.<br><br>Clark County, et al.,<br><br>    Defendants | 2:16-cv-01010-JAD-VCF<br><br>**Order Granting Application to *Proceed In Forma Pauperis* and Screening and Dismissing Complaint without Prejudice**<br><br>[ECF No. 5] |

    Pro se plaintiff Clifford C. Curran brings this § 1983 action for civil-rights violations that he alleges occurred while he was a pretrial detainee at the Clark County Detention Center. Curran has also submitted an application to proceed *in forma pauperis*. Curran's IFP application and supporting documentation show that he is unable to pay an initial installment toward the filing fee, so I grant him pauper status. I screen Curran's complaint as required by the PLRA, dismiss his claims without prejudice, and give him until January 20, 2017, to file an amended complaint if he can plead true facts to cure the deficiencies outlined in this order.

**Discussion**

**A.    Screening standard**

    The Prison Litigation Reform Act directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief.[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a

---

[1] *See* 28 U.S.C. § 1915(a).

[2] *See* 28 U.S.C. § 1915A(b)(1)(2).

person acting under color of state law.[3]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint. Pro se pleadings are liberally construed.[4] And when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[5]

**B.   Curran's complaint**

Curran sues multiple defendants for events that took place while he was a pretrial detainee at the Clark County Detention Center ("CCDC").[6] He sues defendants Clark County, City of Las Vegas, Las Vegas Metropolitan Police Department("Metro"), the Clark County Detention Center[7], and John Does.[8] Curran asserts four counts and seeks monetary damages.[9]

Curran alleges the following: in his youth, he was hit by a diesel truck, leaving him disabled.[10] Physicians warned Curran that a simple fall could permanently paralyze him.[11] On May 27, 2015, Boulder City police arrested Curran and transported him to the CCDC.[12] Curran explicitly

---

[3]  See *West v. Atkins*, 487 U.S. 42, 48 (1988).

[4]  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[5]  See *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[6]  ECF No. 1 at 4.

[7]  The CCDC is an inanimate building, not a person or entity subject to liability. *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011). Metro operates the CCDC.

[8]  ECF No. 1 at 2–3.

[9]  *Id.* at 11.

[10]  *Id.* at 4.

[11]  *Id.*

[12]  *Id.*

advised medical personnel about the serious nature of his injuries and the cause of his disabilities.[13] As a result, CCDC officials refused to allow him to participate in outdoor recreational activities because the yard contains stairs and would thus be inherently dangerous for him.[14] Curran claims that, because he was not allowed in the yard or provided other outdoor access, "defendants" failed to accommodate his disabilities.[15]

In August 2015, Curran requested a transfer to the North Valley Complex ("NVC"), a facility that could accommodate his disabilities and permit him access to outside recreational activities without the dangerous conditions and circumstances at the CCDC.[16] Jail officials moved Curran to the NVC but, due to threats from other inmates, jail officials moved Curran back to the CCDC and placed him in the hole for ten days.[17] Curran was then moved to the CCDC's psychiatric care unit for 12 hours for depression.[18] After observing Curran in the psychiatric unit, jail officials moved him back to the hole for two more days before moving him to another CCDC housing unit.[19] In December 2015, jail officials again granted Curran's request to be transferred to the NVC.[20]

Curran remained at the NVC until March 2016, when he became depressed and was transferred back to the CCDC for psychiatric observation.[21] Curran expressed thoughts about suicide and was placed on suicide watch for two days.[22] On April 20, 2016, Curran again sought a transfer

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

to the NVC but jail officials denied the request "due to [Curran's] history of suicide watches."[23] Curran alleges that he was discriminated against based on his psychiatric condition.[24]

Curran also challenges defendants' policy of issuing legal supplies for indigent inmates only once a month.[25] He states that the legal supplies consist of four stamped envelopes, three manilla envelopes, one ink pen, and one pad of paper monthly[26] and complains that he must wait until the end of the month to acquire more supplies even if he uses all of the supplies before the end of the month.[27] Curran alleges that this supply policy will inhibit his ability to prosecute this case.[28]

Curran asserts four claims: (1) violations of the American with Disabilities Act ("ADA") based on lack of accommodation; (2) violations of the Rehabilitation Act ("RA"); (3) denial of access to the courts; and (4) equal-protection and due-process violations based on the denial of his transfer to the NVC because of his mental-health disability.[29]

**C.   Claims one and two: statutory violations**

Both the ADA and the Rehabilitation Act apply in the prison context.[30] Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[31] The Rehabilitation Act similarly provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason

---

[23] *Id.* at 6.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at 7.

[29] *Id.* at 8–11.

[30] *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010).

[31] 42 U.S.C. § 12132.

of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[32] A prison inmate states a colorable claim under both Acts if he alleges that he was "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap,"[33] and courts apply the same standards to each.[34]

Although the ADA does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."[35]  The United States Supreme Court has held that a prisoner may state an ADA claim based on the "alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs."[36]

Curran alleges that he was denied access to the outdoor recreational yard access because of his disability and "defendants" failed to provide an outdoor accommodation for him at the CCDC. Curran states colorable claims for violations of the ADA and Rehabilitation Act.  However, I dismiss these claims without prejudice and with leave to amend because Curran has not named a proper defendant for these claims.  If Curran chooses to re-plead these claims, he is cautioned that it is insufficient to allege claims against "defendants" without specifying whom, exactly—by name—allegedly violated his rights.  Upon amendment, Curran must follow the directions in the form complaint and "describe exactly what each specific defendant (by name) did to violate [his]

---

[32] 29 U.S.C. § 794(a).

[33] *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

[34] *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

[35] 28 C.F.R. § 35.130(b)(7).

[36] *United States v. Georgia*, 546 U.S. 151, 157 (2006).

rights."

Additionally, Curran cannot sue defendants Clark County, Metro, and the City of Las Vegas for the actions of its employees. There is no respondeat superior liability in § 1983 actions. A municipality may be liable under § 1983 only if the municipality itself caused the violation at issue.[37] Thus, to state a claim against these defendants, Curran must allege that he suffered a constitutional deprivation that was caused by a policy or custom attributable to Clark County, Metro, or the City.[38]

### D.    Count three: denial of access to the courts

Prisoners have a constitutional right of access to the courts.[39] To establish a violation of this right, a prisoner must establish that he or she has suffered an actual injury.[40] An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[41] Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests."[42]

I dismiss Curran's denial-of-access claim without prejudice and with leave to amend because Curran has not alleged actual injury resulting from the supply policy with respect to contemplated or existing litigation. Curran's bare allegation that the supply policy will hinder his ability to litigate this case is insufficient to state a colorable claim.

---

[37] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)).

[38] *City of Canton*, 489 U.S. at 385.

[39] *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).

[40] *Lewis v. Casey*, 518 U.S. 343, 346 (1996).

[41] *Id*. at 348.

[42] *Id*. at 362.

### E.    Count four: equal-protection and due-process violations

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law.[43]  To state an equal-protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment.[44]  "Because 'the disabled do not constitute a suspect class' for equal protection purposes, a governmental policy that purposefully treats the disabled differently from the non-disabled need only be 'rationally related to legitimate legislative goals' to pass constitutional muster."[45]

Curran's equal-protection claim fails because the physical and mentally disabled are not suspect classes and he does not allege that defendants purposefully treated him differently than similarly situated individuals without any rational basis.  Based on his allegations, it appears that jail officials had the ability to treat Curran's mental-health needs at the CCDC but not at the NVC, so his transfer request was denied.  I therefore dismiss Curran's equal-protection claim without prejudice and with leave to amend.

The Fourteenth Amendment's Due Process Clause prohibits jail and prison officials from "punishing" a pretrial detainee without a due-process hearing.[46]  Curran has not established that the transfer denial constituted punishment.  I therefore dismiss this claim without prejudice and with leave to amend.

### F.    Leave to amend

Curran is granted leave to file an amended complaint to cure the deficiencies outlined in this order.  Curran is advised that an amended complaint supersedes the original complaint and, thus, the

---

[43] *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

[44] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

[45] *Lee*, 250 F.3d at 687.

[46] *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996).

amended complaint must be complete in itself without reference to the original complaint.[47] Curran's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Curran must file the amended complaint on this court's approved prisoner civil-rights form and must write the words "First Amended" above the words "Civil Rights Complaint" in the caption. Upon amendment, Curran must follow the directions in the form complaint and "[s]tate the facts clearly, in [his] own words, and without citing legal authority or argument . . . describe exactly what *each defendant (by name)* did to violate [his] rights." If Curran chooses to file an amended complaint, he must do so by **January 20, 2017. If Curran fails to file an amended complaint by this deadline, this case will be dismissed without prejudice and without further notice.**

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Curran's application to proceed *in forma pauperis* without having to prepay the full filing fee **[ECF No. 5] is GRANTED.** The Clerk of Court is directed to FILE the complaint [ECF No. 1].

IT IS FURTHER ORDERED that Curran remains responsible for paying the filing fee in full. As provided by 28 U.S.C. § 1915(b)(2), the Clark County Detention Center must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Clifford C. Curran, #1315681** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If Curran is transferred to the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Curran has paid toward his filing fee, so that funds may continue to be deducted from his account. The Clerk is directed to SEND a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

---

[47] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

IT IS FURTHER ORDERED that Curran's complaint is dismissed without prejudice and with leave to amend. Curran has until **January 20, 2017**, to file an amended complaint curing the deficiencies outlined in this order if he can plead true facts to do so. **If Curran does not file an amended complaint by this deadline, this case will be dismissed without prejudice and without further notice.**

The Clerk of Court is directed to SEND to Curran this court's approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1).

Dated this 20th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge